*373 OPINION.
Van Fossan:
The first question is whether the provisions of the Eevenue Act of 1934 or 1936 are applicable in taxing the net income of Eoyal during the fiscal year ended September 30,1936.
As stipulated by the parties, Eoyal did not come into being until February 19, 1936, when it was incorporated under the laws of Delaware. Since it had no assets until September 4,1936, when it acquired the assets of the Eoyal Baking Powder Co., a New Jersey corporation, it was a mere shell until that date. The net income reported by it for the taxable year in question was earned between September 4 and September 30, 1936, when its first taxable year ended. In computing its tax for this period Eoyal applied the provisions of the Eevenue Act of 1934.
A taxable year is defined in section 48 of the Eevenue Acts of 1934 and 1936 to include “in the case of a return made for a fractional part of a year * * * the period for which such return is made.” Thus a taxable year may include a period less than twelve months. Pennsylvania Chocolate Co. v. Lewellyn, 27 Fed. (2d) 762; Prudential Tobacco Co., 42 B. T. A. 518, and cases cited therein. The period for which Eoyal’s return is made could not begin prior to February 19, 1936, because it did not come into existence .until then.
Since Eoyal’s taxable year began after December 31, 1935, the Eevenue Act of 1936 applied to its net income during its fiscal year ended September 30, 1936. Accordingly, we hold for respondent on this issue.
Our decision on the first issue makes it necessary to decide whether Eoyal was entitled to a dividends paid credit in the amount of $98,350 for the taxable year ended September 30,1936.
Petitioner contends that, since the dividend checks were actually delivered or mailed to Eoyal’s stockholders on September 30, 1936, Eoyal was entitled to a dividends paid credit for its fiscal year ended September 30,1936. Eespondent, on the other hand, urges that Eoyal was not entitled to such a credit because the director’s resolution authorizing the dividend provided that it was payable October 1,1936, and because the dividend checks were dated October 1,1936.
On the facts of record we are of the opinion respondent should, prevail. By the resolution of September 28, 1936, the dividends were declared payable on October 1, 1936. October 1 was not within the taxable year ended September 30. The checks were dated, and were therefore payable, October 1. Although some of them were delivered by hand to the payee-stockholders on September 30, they could not have been legally cashed before October 1, and were not actually cashed until October 2 or later. Thus the conclusion seems inescapable that the dividends were not paid either actually or constructively within the- *374 taxable year. The entries on petitioner’s books afford no. solace to petitioner. They support respondent’s position equally as much as petitioners. The journal entry made by Royal and dated September 30 shows the dividends were payable October 1. The facts here are very different from Valley Tractor & Equipment Co., 42 B. T. A. 311, and the case involves wholly different considerations. The dividend was not paid in the taxable year.
It is equally clear that petitioner does not qualify for dividend payments credit under section 27 (d). It would be a far stretch of the language of the act to include within the term “obligations of the corporation” as used in the quoted section, the postdated checks of petitioner corporation. We affirm the respondent.

Decision will be entered for the respondent.